IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT, next friend of Michael E. Harris;

Petitioner,

vs.

BARB LEWIEN, Warden;

Respondent.

**8:25CV742**

**MEMORANDUM AND ORDER**

This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2241 filed by Phyllis M. Knight ("Knight") as next friend of Michael E. Harris ("Harris"), on December 29, 2025. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. Upon review, the Court concludes the petition must be dismissed because Knight cannot maintain the present habeas action on Harris' behalf.

The petition purports to attack Harris' 2004 convictions in the District Court of Douglas County, Nebraska, of second degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon. Filing No. 1 at 1, 10, 24, 26; *see also State v. Harris*, 884 N.W.2d 710, 715 (Neb. 2016). The petition generally asserts that Harris is actually innocent based on a self-defense theory and raises conclusory claims of insufficient evidence, conspiracy, fraud on the court, due process violations, ineffective assistance of counsel, and other constitutional violations. Only Knight signed the petition as the "real party in interest." Filing No. 1 at 8, 23.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). In order to bring a habeas corpus petition on behalf of another person the party purporting to act for a convicted defendant must show, at least, the following two things: (1) the real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself; and (2) the party purporting to act for the real party is dedicated to the best interests of the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

There has been no showing that any of these factors exist. Nowhere does Knight allege that Harris is incapable of bringing a habeas action on his own behalf. Indeed, Harris, acting pro se, previously filed in this Court a habeas petition pursuant to 28 U.S.C. § 2254, which was dismissed without prejudice on April 25, 2017, upon his request. *See Harris v. Gage*, No. 8:16-cv-00442-RGK-PRSE (D. Neb.) (Filing No. 21). Additionally, Knight does not allege any facts to suggest that she is dedicated to Harris' best interests nor does she allege that she bears any relationship to Harris at all. Thus, Knight has failed to demonstrate that she is entitled to bring this habeas action on Harris' behalf, and the petition will be dismissed without prejudice for lack of standing.

2

Additionally, Knight is not an attorney nor is she admitted to practice in this court, and she may not represent Harris in this habeas corpus action. *See* NEGenR 1.7(d) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court."). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in federal court). The Court notes that if Harris wishes to challenge his conviction through federal habeas proceedings, then he may file a petition on his own behalf using the forms enclosed with this Memorandum and Order that the Court will direct the Clerk of Court to send to him.[1]

Finally, because "the detention complained of arises from process issued by a state court," Knight must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). No matter what

---

[1] The Court has enclosed the forms for a habeas petition under 28 U.S.C. § 2254. Because Harris is in custody pursuant to a state-court judgment of conviction, the appropriate vehicle for challenging his conviction would be through a petition for writ of habeas corpus brought pursuant to § 2254, not a § 2241 petition as Knight has filed.

standard is applied, Knight has failed to make the requisite showing.  Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.     The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice.  No certificate of appealability has been or will be issued.

2.     The Court will enter judgment by separate document.

3.     The Clerk of Court is directed to send a copy of this Memorandum and Order, the accompanying Judgment, the Form AO 241 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254), and an application to proceed without payment of fees to:

Michael E. Harris, 60322
Nebraska State Penitentiary
P.O. Box #22500
Lincoln, NE 68542-2500.

Dated this 30th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4